JANET M. HEROLD, Regional Solicitor
IAN H. ELIASOPH, Counsel for ERISA
California State Bar No. 227557
United States Department of Labor
Office of the Solicitor
90 7th Street Suite 3-700
San Francisco, California 94103
Telephone:  415-625-7746
Facsimile:   415-625-7772
Email: Eliasoph.ian@dol.gov

Attorneys for Plaintiff,
R. Alexander Acosta, Secretary of Labor,
United States Department of Labor

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| R. ALEXANDER ACOSTA, Secretary of Labor, UNITED STATES DEPARTMENT OF LABOR,<br><br>                    Plaintiff,<br><br>        vs.<br><br>C M S H ELECTRICAL, a California corporation, and CMSH ELECTRICAL PROFIT SHARING PLAN, an employee benefit plan,<br><br>                    Defendants. | Case No.:<br><br>COMPLAINT FOR VIOLATIONS OF ERISA |

Plaintiff R. ALEXANDER ACOSTA, Secretary of Labor, UNITED STATES DEPARTMENT OF LABOR (the "Secretary"), alleges:

1.   This cause of action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001-1191c, and is brought to enjoin acts and practices that violate the provisions of Title I of ERISA, and to obtain other appropriate equitable relief to redress violations and enforce the provisions of that Title pursuant to Sections 502(a)(2) and 502(a)(5), 29 U.S.C. § 1132(a)(2) and 1132(a)(5).

## Jurisdiction and Parties

2. Jurisdiction over this action is conferred upon the Court by ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1).

3. The CMSH ELECTRICAL PROFIT SHARING PLAN ("Plan") is an employee pension benefit plan as defined under ERISA § 3(3), 29 U.S.C. § 1002(3).

4. The Plan was sponsored by C M S H ELECTRICAL ("CMSH" or "Company"), a California corporation engaged in the business of electrical contracting. CMSH is the Plan's Administrator. CMSH's principal place of business was in Sacramento, California.

5. CMSH was incorporated in the state of California on April 26, 1977.

## Venue and Intra-District Assignment

6. Pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), venue for this action lies in the Eastern District of California because the Plan was administered in Sacramento County, California.

## Factual Allegations

7. Pursuant to the Plan's governing documents, Etsel Jack Baker was the Plan sole named Plan Trustee.

8. Merrill Lynch is the Plan's asset custodian, and it can act only at the direction of the Plan Administrator or a properly appointed discretionary Trustee or fiduciary.

9. Defendant CMSH ceased operating sometime in 2012. On February 2, 2015, the Company's powers, rights, and privileges have been suspended by the California Franchise Tax Board. As of the time CMSH ceased operating, and continuing thereafter, Etsel Jack Baker was and is the only known shareholder and officer of CMSH.

10. During the period from March 1, 2012 to February 28, 2014, Mr. Baker transferred the Plan assets in a personal account. He was convicted of felony violations of California Penal Code Sections 487(a) and 506 (Theft and Embezzlement) against the CMSH Electrical, Inc. Profit Sharing Plan and is currently incarcerated.

1    11.    Etsel Jack Baker is recognized by Merrill Lynch as a trustee to the Plan. Despite
2 multiple attempts by telephone and by mail to his last known address before his incarceration,
3 the Employment Benefits Security Administration ("EBSA") was not able to contact Mr. Baker.

4    12.    Prior to and at the time of the Company's cessation of operations, Defendant CMSH
5 failed to take sufficient steps to provide for the prudent and complete termination of the Plan.

6    13.    The Plan's asset custodian, Merrill Lynch, will not authorize distributions of the
7 remaining Plan assets to the Plan's participants and beneficiaries without direction from a
8 properly appointed fiduciary or a court-appointed independent fiduciary.

9    14.    The Plan was funded solely through employee contributions and discretionary
10 employer contributions, and, as of March 31, 2015, the Plan had 5 participants other than Mr.
11 Baker and $0.00 in Plan assets. At the time that Mr. Baker embezzled the funds, the Plan was
12 bonded by Travelers' Insurance. EBSA submitted a Proof of Claim on June 17, 2017 and
13 requested that the bond proceeds be issued to the Plan, restoring $272, 003.00 for the 5
14 participants. Travelers' Insurance has indicated that it will pay the bond proceeds to the Plan but
15 at this time there is no fiduciary available to receive the funds on behalf of the Plan.

### Violations of ERISA

17    15.    Because of the facts and circumstances set forth in Paragraphs 7-14, above:

18    a.    ERISA § 411, 29 U.S.C. § 1111, prohibits persons, such as Mr. Baker, who are
19 convicted of embezzlement and certain other felonies from managing and controlling assets of a
20 plan as required by ERISA §§ 402(a) and 403(a), 29 U.S.C. §§ 1102(a) and 1103(a). As such,
21 Mr. Baker, the Plan's sole trustee and the sole person with authority to act on behalf of the Plan's
22 administrator, CMSH, may no longer serve or take any action as a fiduciary of the Plan.
23 Consequently, there is no one other than this Court with the authority to appoint a new
24 discretionary trustee or plan administrator;

25    b.    Defendant CMSH, acting in its fiduciary capacity, failed to act solely in the
26 interest of the participants and beneficiaries of the Plan and for the exclusive purpose of
27 providing benefits to participants and their beneficiaries and defraying reasonable expenses of
28 Plan administration, in violation of ERISA § 404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A); and

1      c. Defendant CMSH, acting in its fiduciary capacity, failed to act with the care, skill
2 prudence, and diligence under the circumstances then prevailing that a prudent person acting in a
3 like capacity and familiar with such matters would use in the conduct of an enterprise of a like
4 character and with like aims as required by ERISA § 404(a)(1)(B), 29 U.S.C. § 1104(a)(1)(B).

5      16. Because of the facts and circumstances set forth in Paragraphs 7-14 above, the Plan
6 participants are unable to access their account balances to reinvest them in other tax-qualified
7 retirement savings vehicles before retirement, to draw them down upon retirement, or for any
8 other purpose. Because the basis upon which payments are made from the Plan are not and
9 cannot be specified without a properly appointed discretionary trustee, the Plan exists in
10 violation of ERISA § 402(b)(4), 29 U.S.C. § 1102(b)(4).

11      17. As a direct and proximate result of the breaches and violations set forth in
12 Paragraphs 7-16 above, the Secretary is entitled to such equitable or remedial relief as the Court
13 may deem appropriate, including removal of such fiduciary, pursuant to ERISA § 409, 29 U.S.C.
14 § 1109.

15      **WHEREFORE**, pursuant to ERISA §§ 502(a)(2) and 502(a)(5), 29 U.S.C. §§ 1132(a)(2)
16 and 1132(a)(5), Plaintiff prays that the Court:

17      a. remove Etsel Jack Baker from his position as the Plan Administrator and named
18 trustee of the Plan;

19      b. appoint an independent or successor fiduciary with discretionary authority to
20 administer the Plan in order to effectuate its termination and the distribution of Plan assets to the
21 participants and beneficiaries; and

22      c. Provide such other relief as may be just and equitable.

23 //
24 //
25 //
26 //
27 //
28 //

Dated: October 26, 2017

                    NICHOLAS C. GEALE
                    Acting Solicitor of Labor

                    JANET HEROLD
                    Regional Solicitor

                    /s/ Ian Eliasoph
                    IAN H. ELIASOPH
                    Counsel for ERISA

                    Attorneys for the Plaintiff