UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| R. ALEXANDER ACOSTA,<br><br>    Plaintiff,<br><br>         v.<br><br>CMSH ELECTRICAL, et al.,<br><br>    Defendants. | No. 2:17-cv-02253 JAM CKD<br><br>FINDINGS AND RECOMMENDATIONS |

Before the court is plaintiff's motion for default judgment. (ECF No. 7.) Defendant has failed to file an opposition to this motion in accordance with Local Rule 230(c). Accordingly, the hearing on the motion set for January 24, 2018 was vacated.

The record reflects that defendant was properly served with process on November 16, 2017 and default was entered December 11, 2017. Plaintiff thereafter filed an application for default judgment, seeking injunctive relief. The undersigned has fully considered the briefs and record in this case and, for the reasons stated below, will recommend that plaintiff's motion for default judgment be granted.

I. Background

In this action, plaintiff, the U.S. Secretary of Labor, avers that defendant CMSH Electrical ("CMSH") is the Plan Administrator for an employee pension benefit plan ("Plan") as defined under the Employee Retirement Income Security Act of 1974 ("ERISA"). (ECF No. 1, "Compl.,"

1

¶¶ 3-4.) Plaintiff avers that CMSH's powers were suspended by the California Franchise Tax Board in 2015. (Compl., ¶ 9.) The plan's sole officer, Etsel Jack Baker, was convicted of felony theft and embezzlement after transferring Plan assets into a personal account, and is currently incarcerated. (Compl., ¶ 10.) The Plan's asset custodian, Merrill Lynch, "will not authorize distributions of the remaining Plan assets to the Plan's participants and beneficiaries without direction from a properly appointed fiduciary or a court-appointed fiduciary." (Compl., ¶ 13.)

As of March 31, 2015, plaintiff alleges, the Plan had five participants other than Mr. Baker and $0.00 in Plan assets. (Compl., ¶ 14.) At the time Mr. Baker embezzled the funds, the Plan was bonded by Traveler's Insurance. (Id.) Traveler's Insurance has indicated that it will pay bond proceeds to the Plan, restoring $272,003.00 for the five participants, but at this time there is no fiduciary available to receive the funds on behalf of the Plan. (Id.)

Plaintiff seeks relief pursuant to ERISA §§ 502(a)(2) and 502(a)(5), 29 U.S.C. §§ 1132(a)(2) and 1132(a)(5). Plaintiff seeks only injunctive, not monetary, relief, and requests the court to remove CMSH as Plan Administrator and to appoint Metro Benefits, Inc. as an independent fiduciary with authority to administer the Plan. (See ECF No. 7-4.)

II. Legal Standards

Pursuant to Federal Rule of Civil Procedure 55, default may be entered against a party against whom a judgment for affirmative relief is sought who fails to plead or otherwise defend against the action. See Fed. R. Civ. P. 55(a). However, "[a] defendant's default does not automatically entitle the plaintiff to a court-ordered judgment." PepsiCo, Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002) (citing Draper v. Coombs, 792 F.2d 915, 924-25 (9th Cir. 1986)). Instead, the decision to grant or deny an application for default judgment lies within the district court's sound discretion. Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). In making this determination, the court considers the following factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action[,] (5) the possibility of a dispute concerning material facts[,] (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986). Default judgments are ordinarily disfavored. Id. at 1472.

As a general rule, once default is entered, well-pleaded factual allegations in the operative complaint are taken as true, except for those allegations relating to damages. TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (per curiam) (citing Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977) (per curiam)); accord Fair Housing of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002). In addition, although well-pleaded allegations in the complaint are admitted by a defendant's failure to respond, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992) (citing Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978)); accord DIRECTV, Inc. v. Hoa Huynh, 503 F.3d 847, 854 (9th Cir. 2007) (stating that a defendant does not admit facts that are not well-pled or conclusions of law); Abney v. Alameida, 334 F. Supp. 2d 1221, 1235 (S.D. Cal. 2004) ("[A] default judgment may not be entered on a legally insufficient claim"). A party's default does not establish the amount of damages. Geddes, 559 F.2d at 560.

III. Discussion

    A.    Appropriateness of the Entry of Default Judgment Under the Eitel Factors

        1.    *Factor One: Possibility of Prejudice to Plaintiff*

The first Eitel factor considers whether the plaintiff would suffer prejudice if default judgment is not entered, and such potential prejudice to the plaintiff militates in favor of granting a default judgment. See PepsiCo, Inc., 238 F. Supp. 2d at 1177. Here, the possibility of prejudice to the Secretary is great, as without a court-appointed fiduciary the Plan is "in perpetual violation of ERISA." (ECF No. 7-2 at 5.) Absent injunctive relief, "the participants and beneficiaries of the Plan will have no way to access their funds and may be without any recourse for recovery." Solis v. Vigilance, Inc., 2009 WL 2031767, *2 (N.D. Cal. July 9, 2009) (granting plaintiff's motion for default judgment and request to appoint a new fiduciary for ERISA plan).

Accordingly, the first Eitel factor favors the entry of a default judgment.

////

### 2. *Factors Two and Three: The Merits of Plaintiff's Substantive Claims and the Sufficiency of the Complaint*

The court considers the merits of plaintiff's substantive claims and the sufficiency of the complaint together below because of the relatedness of the two inquiries. The court must consider whether the allegations in the complaint are sufficient to state a claim that supports the relief sought. See Danning, 572 F.2d at 1388; PepsiCo, Inc., 238 F. Supp. 2d at 1175.

Under ERISA, an action for equitable relief may be brought by the Secretary of Labor in order "to enjoin any act or practice that violates any provision of [Title I of ERISA], or to obtain other appropriate equitable relief to redress such violation or to enforce any provision of [Title I]." 29 U.S.C. § 1132(a)(5). Such relief includes the appointment of an independent fiduciary to carry out the proper administration and management of benefit plans. Solis, 2009 WL 2031767, *3, citing Donovan v. Mazzola, 716 F.2d 1226, 1238–39 (9th Cir.1983).

Plaintiff explains that ERISA prohibits persons convicted of embezzlement and certain other felonies from managing and controlling assets of an ERISA plan. Thus, Mr. Baker, the Plan's sole trustee and the sole person with authority to act on behalf of the Plan's Administrator, CMSH, may no longer serve or take any action as fiduciary of the Plan, and only this Court has authority to appoint a new Plan administrator. (Compl., ¶ 15.) Plaintiff further avers that defendant CMSH, acting in its fiduciary capacity, failed to act solely in the interest of Plan participants and benefits, in violation of ERISA 404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A); § 1102(a) and 1103(a); failed to act with the required skill, care and prudence in violation of ERISA 404(a)(1)(B), 29 U.S.C. § 1104(a)(1)(B); and left the Plan bereft of a named fiduciary or trustee with authority and discretion to manage and control its assets, in violation of ERISA 402(a) and 403(a), 29 U.S.C. § 1102(a) and 1103(a). (Compl., ¶ 15.)

Accordingly, the second and third Eitel factors favor the entry of a default judgment.

### 3. *Factor Four: The Sum of Money at Stake in the Action*

Under the fourth factor cited in Eitel, "the court must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." PepsiCo, Inc., 238 F. Supp. 2d at 1176-77; see also Philip Morris USA, Inc. v. Castworld Prods., Inc., 219 F.R.D. 494, 500 (C.D.

Cal. 2003). Here, plaintiff seeks only equitable, not monetary, relief. The Plan assets to be restored by Traveler's Insurance are not money that defendant "stands to lose," but instead "constitute[] contributions made to an ERISA-governed 401(k) plan, which belong to the Plan participants, and for which the beneficiaries of the Plan are entitled to have a fiduciary." Solis, 2009 WL 2031767, *3. Thus the fourth Eitel factor favors default judgment.

### 4. *Factor Five: The Possibility of a Dispute Concerning Material Facts*

The facts of this case are relatively straightforward, and the court may assume the truth of well-pleaded facts in the complaint (except as to damages) following the clerk's entry of default. Thus, there is no likelihood that any genuine issue of material fact exists. See, e.g., Elektra Entm't Group Inc. v. Crawford, 226 F.R.D. 388, 393 (C.D. Cal. 2005) ("Because all allegations in a well-pleaded complaint are taken as true after the court clerk enters default judgment, there is no likelihood that any genuine issue of material fact exists"); accord Philip Morris USA, Inc., 219 F.R.D. at 500; PepsiCo, Inc., 238 F. Supp. 2d at 1177. As such, the court concludes that the fifth Eitel factor favors a default judgment.

### 5. *Factor Six: Whether the Default Was Due to Excusable Neglect*

In this case, there is no indication in the record that defendant's default was due to excusable neglect. Despite having been properly served with plaintiff's complaint, the request for entry of default, and the instant motion for default judgment, defendant CMHS has failed to defend against this action. In fact, the complaint avers the company ceased operations in 2015. Accordingly, this Eitel factor favors the entry of a default judgment.

### 6. *Factor Seven: The Strong Policy Underlying the Federal Rules of Civil Procedure Favoring Decisions on the Merits*

"Cases should be decided upon their merits whenever reasonably possible." Eitel, 782 F.2d at 1472. However, district courts have concluded with regularity that this policy, standing alone, is not dispositive, especially where a defendant fails to appear or defend itself in an action. PepsiCo, Inc., 238 F. Supp. 2d at 1177; see also Craigslist, Inc. v. Naturemarket, Inc., 694 F. Supp. 2d 1039, 1061 (N.D. Cal. 2010). Accordingly, although the court is cognizant of the policy in favor of decisions on the merits—and consistent with existing policy would prefer that this

5

case be resolved on the merits—that policy does not, by itself, preclude the entry of default judgment.

In sum, upon consideration of all the Eitel factors, the court concludes that plaintiff is entitled to a default judgment against defendants and recommends that such a default judgment be entered. All that remains is a determination of the specific relief to which plaintiff is entitled.

B. Terms of the Judgment to Be Entered

After determining that a party is entitled to entry of default judgment, the court must determine the terms of the judgment to be entered. Because plaintiff satisfactorily alleged ERISA claims as set forth above, the court recommends that plaintiff be granted injunctive relief. The requested appointment of an independent fiduciary to manage, liquidate, and terminate the Plan is necessary to redress defendant's failure to comply with ERISA, and is appropriate equitable relief under ERISA. See Donovan, 716 F.2d at 1238-39 (holding that appropriate equitable relief included the appointment of independent plan investment manager to carry out the proper administration and management of a benefit plan).

Entry of default effects an admission of all well-pleaded allegations of the complaint by the defaulted party. Geddes v. United Financial Group, 559 F.2d 557 (9th Cir. 1977). Entry of default judgment is proper where, as in the present case, the facts established by the default support the causes of action pled in the complaint. The complaint also supports the finding that plaintiff is entitled to the relief in the form of injunctive relief requested in the prayer for default judgment, which does not differ in kind from the relief requested in the complaint. Henry v. Sneiders, 490 F.2d 315, 317 (9th Cir.), cert. denied, 419 U.S. 832 (1974). There are no policy considerations which preclude the entry of default judgment of the type requested. See Eitel v. McCool, 782 F.2d 1470, 1471-1472 (9th Cir. 1986) (listing seven factors to be considered in determining entry of default judgment).

In view of the foregoing findings, it is the recommendation of this court that plaintiffs' motion for entry of default judgment be GRANTED. A proposed judgment has been lodged by plaintiffs and is approved as to form and substance (ECF No. 7-4).

////

For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion for default judgment (ECF No. 7) be granted;

2. Judgment be entered in plaintiff's favor and against defendants CMSH Electrical and CMSH Electrical Profit Sharing Plan;

3. The proposed default judgment and order at ECF No. 7-4 be adopted; and

4. The Clerk of Court be directed to vacate all dates and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to this action, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within seven days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 20, 2018

/s/ Carolyn K. Delaney
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / acosta2253.default.jud_fr